Kirby et al. *v.* Coles, Executor.

ISRAEL KIRBY, *ET AL.* v. WILLIAM COLES, SURVIVING EXECUTOR OF THOMAS COLES, DEC'D.

If the Orphans' Court are satisfied of the good faith of the accountant, they are not bound to reject a payment actually made, because of some doubt of the fairness of the claim, or because the evidence thereof, is not as full and ample as in other cases may be required. If reasonable prudence and discretion are exhibited in the payment, it is enough.

In all matters of charge against the accountant, the burden of the proof is with his adversary. In matters of discharge, the situation of the parties is reversed, and the accountant must obtain a majority of the court, in his favour, or his claim is lost. Hence, if an item in his account is excepted to, and the court are equally divided on the question, whether the item ought to be allowed or not, the item ought to be stricken out.

This was a *certiorari* directed to the Orphans' Court of the county of Gloucester, removing into this court, the final decree of that court, upon the account of the surviving executor of Thomas Coles, deceased.

The opinion of the court, was delivered by

RYERSON, J. Thomas Coles died in 1829, having first published a last will and testament, of which, the defendant and others were named executors. The probate of the will was resisted, but allowed in July 1830. The defendant, and others now deceased, were duly appointed administrators, *pendente lite.* The account of the administration was finally settled and allowed, in October 1832, shewing a balance in his hands, as such administrator, of five hundred seventy dollars, thirty-three

cents, which was carried to his account as executor. The account of the defendant as surviving executor, was passed and allowed by the court below, in October 1834. Their decree thereupon, is brought here by this writ, for review.

Any attempt, however feeble, to examine this case, and detect any error, that may have intervened, must disclose, in the strongest light, the defects in the constitution and organization of the Orphans' Court. *This* court has no power to ascertain and settle facts; *Van Pitt's ex.* v. *Veghte and al*, 2 *Green*, 207. We can simply apply the law to the facts. And yet there are no competent means provided, by which the facts as found by the court below, are to be certified to us. In this very case, it is impossible to ascertain how the court below settled the facts, that we may determine, whether they applied thereto, just principles of law. The court has been called on, after a lapse of more than sixteen months, to answer from memory, what was the state of the facts. The result is, as might have been anticipated, vague and obscure. Recourse has been also had to the affidavits of counsel, and members of the court, with like results. We must still grope our way in the dark.

The accountant claimed an allowance for various large sums of money by him paid; which the exceptants resisted, and filed written exceptions, questioning the legality of the payments, and denying the truth and fairness of the claims paid. Did the court below, think the production of a written receipt or other voucher, neither admitted, nor denied, dispensed with the necessity of proving it genuine? If they did, they erred. Again, did the production of a receipt, admitted to be genuine, dispense with the necessity of proving the existence and fairness of the claims, purporting to have been paid, or even the fact of payment by other evidence than the receipt itself? I think it did not. In general, the written admission of one not a party to the controversy, is of itself no evidence; for the plain reason, that better may be had, to wit, his oath. And yet from the case before us, there is so much reason to fear that the court acted on different principles, that I am inclined to send the case back to them for re-examination. Take the case

of the judgment and execution of *Harman Richmam* v. *William Coles*, and the Sheriff's receipt thereon. What evidence had the court to warrant them in converting that which was *prima facie*, the private debt of the accountant, into a charge upon the estate of his testator? I can discover none. Nor had the court, as it would seem, any evidence, except the written admission of the Sheriff, that William Coles had ever paid it; without denying the competency of the Sheriff's receipt, as against H. Richman, by reason of the privity and connection between them, in a case where neither Richman, nor the Sheriff, could testify; it is perfectly manifest, that no relation or privity exists between either of them and the exceptant; and in this case, they are both perfectly competent witnesses. The receipt alone, could not therefore, be evidence. Similar remarks may be applied to other large items in the account. On the one side, it is here contended, that the court below acted without legal proof to satisfy their finding. On the other, it is insisted, that we must presume the court had competent and adequate evidence, until the reverse is shown. This last proposition is certainly true. The plaintiff in *certiorari* have attempted to shew the incompetency and insufficiency: and although not done in a very satisfactory manner, it will, I think, justify us in saying, the Court below did not require the kind, and amount of evidence which they ought to have done. The defects in the case, are mainly, perhaps, to be ascribed to the constitution of, and forms of proceeding of the tribunal, whose decree we are reviewing. To prevent misconstruction of what has been said, I add—that if the court are satisfied of the good faith of the accountant, they are not bound to reject a payment actually made, because of some doubt of the fairness of the claim; or because the evidence thereof is not as full and ample, as in other cases, may be required. If reasonable prudence and discretion are exhibited in the payment, it is enough. A different rule might lead to illimitable and ruinous expense and litigation, by causing the executor or administrator to decline all payments, until sanctioned by the judgment or decree of a competent court.

In further reviewing this case, it appears, that one item of eight hundred forty-four dollars, sixty-six cents, had been

allowed to the accountant, by the Surrogate, which was excepted to by the plaintiff in *certiorari*. After hearing the proofs and allegations of the parties, the court were equally divided on the question, whether this item should be allowed, or stricken out. They supposed the effect of this division was to leave this item standing as a legitimate charge against the estate. In this also, I think they erred. They ought to have taken up the matter *de novo*, so far as any disputed item was concerned. If they approved of the same, it should have formed a part of the amount. If they did not approve thereof, it should not have formed a part of the amount, as corrected or re-stated by them. A different rule would allow the accounting party to fold his arms and remain quiet till the other party had disproved his claim; in other words, would require the objecting party to prove a negative. In all matters of *charge* against the account-ant, the burden of the proof is with his adversary. In matters of discharge, the situation of the parties is reversed, and the accountant must obtain the majority of the court in his favour, or his claim is lost. This item in the account, and the manner of allowing it, forms an additional reason why the decree of the court below, should be reversed.

I might here rest my inquiry. But it may be of use to the parties, to make some additional remarks. The first four exceptions filed in this court, relate to items and alleged omis-sions in the original account, as stated by the Surrogate, but not excepted to, in the court below. . That court was not legally called on to decide the questions involved in those items. In fact, they were not called on *at all* to decide them, and have given no opinion thereon. There is therefore, nothing for us to review, touching those matters. The question of interest, however, that court seems to have determined rightly, in substance, though not in the most intelligible mode. They would have arrived at a result, more readily comprehensible and susceptible of review, and correction, if necessary, by allowing to the accountant, the full amount of the sums by him paid, and charging him with all which he received, or ought to have received, including interest, not only the interest actually received, but interest for the money remaining an undue length

Kirby et al. *v.* Coles, Executor.

of time in his hands. Instead of this, they have charged nothing for interest; but apparently deducted equivalent amounts from the sums due to, or paid out by him. It would seem also, that the court, or Surrogate, allowed credits for sundry tavern bills, and other expenses, incurred in a controversey relating to another supposed will, which the court refused to admit to probate. If these items had been properly excepted to, I can perceive nothing in this case that would have justified their allowance.

For the reasons suggested, the decree of the court below, must be reversed, and the accounts remitted, to be settled according to law.

HORNBLOWER, C. J. and FORD, J. concurred.

*The decree of the Orphans' Court reversed,*
*and accounts remitted for settlement.*